IRA N. GREEN v. ELSON & TEMPLEMAN.

On the 11th of January, 1862, the 3d section of the act of 20th March, 1848, which authorized the fixing of the liability of indorsers by protest, was in force, without any regard to whether the paper was between merchant and merchant or not, because the 6th section of said act had been repealed so far as the character of the parties to the paper was concerned. (Paschal's Dig., Arts. 232, 234, Notes 292, 295; and see Smith v. Harbert, 30 Tex., 670.)

ERROR from Kaufman. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The facts are sufficiently set forth in the opinion of the court. The case turned upon the necessity of fixing the liability of the indorser. The holder had probably relied upon the 5th section of the stay law, which declared that during the war it should not be necessary for the holder

of any bill of exchange or promissory note to bring suit against the acceptor of such bill of exchange, or against the maker of such note, in order to secure and fix the liability of any drawer or indorser of such bill of exchange or any indorser of such promissory note; but as this section was considered in a previous decision, (Tooke v. Taylor, *ante* 1,) the doctrine is understood to be, that this section did not prevent the necessity of protest, although it might render suit unnecessary, and that now a holder may fix the liability of any indorser by protest or notice or by suit against the maker within the time prescribed by law.

No briefs have been furnished to the *Reporter.*

MORRILL, C. J.—The matter for consideration in this case is the liability of the indorsers upon the following note:

"$680 59.                        PALESTINE, *January* 1, 1862.

"One day after date I promise to pay Elson & Templeman or bearer six hundred and eighty dollars and fifty-nine cents, value received, with ten per cent. interest from date.

"THOMAS ROSE."

with this indorsement:

"Pay to Ira N. Green, March 28, 1863.

"ELSON & TEMPLEMAN."

The petition against the maker and the indorsers was filed in court on the 14th day of October, 1865, only two days before the commencement of the term. Citation did not issue until the 27th of November, 1865. Upon this state of facts the indorsers, in their answer, insist that they had been exonerated from liability.

The judge ruled in favor of the indorsers, but whether upon the points as presented by the pleadings or not does not appear.

The parties, both plaintiff and defendant, seem to be unaware of the fact that on the 11th January, 1862, an act was in force which provided that "the holder of any such

bill of exchange or promissory note may also secure and fix the liability of any drawer or indorser of such bill of exchange or promissory note, for the payment thereof, without suit against the acceptor, drawer, or maker, by procuring such bill or note to be regularly protested by some notary public of any county for non-acceptance or non-payment, and giving notice of such protest to such drawer or indorser, according to the usage and custom of merchants."

This act, being the 4th section of the act passed on the 20th March, 1848, by the 6th section thereof was made to apply to contracts between merchant and merchant, their factors and agents, only.   But on the 11th January, 1862, this 6th section was so altered that the act applied to drawers and indorsers, without regard to their occupation. (Paschal's Dig., Arts. 232–234, Note 295.)

It hence follows that although the courts were suspended by the legislature, the war, the *vis major*, or any other power, the liability of all indorsers could be fixed by notarial acts.   And because the holder did not fix the liability of the indorsers as required, the judge did not err in so deciding.

JUDGMENT AFFIRMED.